UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-A MORTGAGE-BACKED CERTIFICATES, SERIES 2006-A,<br><br>*Plaintiff*,<br>v.<br>RONEY HARRIS,<br><br>*Defendant*. | No. 3:17-cv-00382 (MPS) |

**RULING ON MOTION FOR SANCTIONS**

**I.     INTRODUCTION**

Plaintiff HSBC Bank USA, National Association ("HSBC"), moves for sanctions under Rule 37 of the Federal Rules of Civil Procedure based on defendant Roney Harris's failure to comply with discovery orders.  ECF No. 151.  HSBC seeks default judgment against Harris for its foreclosure claim and each of Harris's defenses and attorney's fees, and urges the Court to "strike" Harris's answer and counterclaims.  ECF No. 151 at 6 n.3.  For the reasons below, the Court GRANTS the motion for sanctions in part, entering default judgment against Harris on each of his defenses, dismissing his counterclaims, and awarding attorney's fees to HSBC for "reasonable expenses incurred in making [this] motion."  Fed. R. Civ. P. 37(a)(5)(A).  The Court declines to grant default judgment as to the plaintiff's claim for foreclosure; it will instead address that claim in its ruling on HSBC's motion for summary judgment.

**II.    BACKGROUND**

The facts set forth below are taken from HSBC's motion for sanctions and the record.

1

"On February 3, 2021, [HSBC] served a set of discovery requests on [Harris], comprised of 25 interrogatories and 23 requests for production." ECF No. 108 at 1; *see also* ECF No. 151 at 2. Many of the interrogatories and requests for production related to Harris's affirmative defenses. ECF No. 108-1 at 10–18, 20–24. Harris did not respond to the discovery requests within the thirty days required by the Federal Rules nor did he seek an extension of time to respond. ECF No. 108 at 1–2; *see* Fed. R. Civ. P. 33(b)(2) (requiring a party to respond to interrogatories within 30 days after being served); Fed. R. Civ. P. 34(b)(2)(A) (same for requests for production). Instead, Harris filed on the docket an "Objection to Discovery and Request to Enjoin," arguing that HSBC lacked standing to enforce the mortgage and that the discovery requests exceeded the scope of discovery allowed under FRCP 26(b)(1). ECF No. 82 at 1–2, 4. The Court denied relief because Harris failed to "articulate … how the discovery sought warrants limitation" and that each "party must be afforded a meaningful opportunity to establish the facts necessary to support his claim." ECF No. 88.

On March 12, 2021, Harris moved for a protective order in response to HSBC's notice of his deposition, arguing that (1) HSBC lacked standing; (2) the notice of deposition amounted to harassment; and (3) the deposition exceeded the scope of discovery under FRCP 26(b)(1). ECF No. 90. After a status conference, the Court denied Harris's motion for protective order, ordered the parties to respond to all outstanding discovery by April 22, 2021, and ordered Harris's deposition to be held on or before May 14, 2021. ECF No. 96. On April 17, 2021, Harris objected to the majority of the interrogatories and requests for production. ECF No. 108-1. He did not produce any responsive documents and objected to the questions on the following bases: (1) lack of foundation; (2) questions were a form of harassment; (3) the information sought was

in the possession of the originator of the transaction; and (4) lack of relevancy.  ECF No. 108 at 2; *see also* ECF No. 151 at 2; ECF No. 108-1.

On May 13, 2021, Harris filed a motion for temporary injunction—a motion that he later revised and refiled several times and that he often referred to as a "writ" for temporary injunction.  ECF No. 114; *see also* ECF Nos. 115, 119, 122, 131, 132.  In Harris's initial motion for temporary injunction, he sought to enjoin HSBC from taking his deposition and argued that the deposition would "irreparably harm[]" him by "damag[ing] the credibility and strength of [Harris] and his property."  ECF No. 114 at 5.  Further, he argued that the deposition would subject him to "undue stress" and force him to "protect himself from self-incrimination."  *Id.* at 6.  He also argued that HSBC lacked standing.  *Id.*  The most recent motion for temporary injunction was substantially the same.  *See* ECF No. 132.

To address the continuing discovery disputes, the Court held a status conference and ordered the parties to respond to outstanding discovery requests by May 21, 2021.  ECF No. 110. On May 20, 2021, the Court held another status conference during which "Harris explained that he does not intend to respond to the discovery until the Court rules on his pending motions[,] … [including his] Motion for Involuntary Dismissal for Lack of Subject Matter Jurisdiction … [and] Motion for Temporary Injunction."  ECF No. 117.  Afterwards, the Court ordered the parties to "produce the outstanding documents by May 28, 2021."  *Id.*  Harris moved to vacate this order submitting multiple arguments, including that there was "a writ in place for temporary injunction against a deposition," the Court lacked personal and subject matter jurisdiction, and HSBC lacked standing to enforce the mortgage.  ECF No. 120 at 1–4.

On June 1, 2021, the Court held yet another status conference to confirm compliance with the May 28, 2021 deadline.  ECF No. 124.  HSBC confirmed that it had produced the required

3

documents while Harris "stated repeatedly that he would not comply with the Court's discovery order … in light of his pending motions for injunctive relief." *Id.* The Court noted that Harris "failed to comply with multiple discovery orders directing the production of documents" and concluded that "[a]ny further extensions of time for the production of this document discovery would appear to be fruitless given his position that his motions for temporary injunction must first be resolved." *Id.*

On August 10, 2021, the Court held a status conference informing Harris that there was no "good reason for [him] not to sit for [his] deposition" and "if the opposing party in litigation seeks deposition of a party, except under extraordinary circumstances, the Court is going to allow that deposition to take place." ECF No. 149 at 8. The Court also noted that "if somebody refuses to sit for a deposition," then the Court can "take steps to deal with that, which could include … a default judgment." *Id.* After the status conference, the Court issued an order ("August 10th order") requiring Harris to "sit for [a] deposition … by September 10" and "comply with any and all discovery orders … by August 24, 2021." ECF No. 141. The Court found "no basis for [Harris] to refuse to sit for his deposition." *Id.* Further, if Harris did not attend his deposition or answer questions at the deposition, the Court would consider imposing sanctions against Harris, including prohibiting Harris from offering evidence or argument in response to a motion for summary judgment or "entering default and, ultimately, default judgment against [Harris]." *Id.* HSBC could "file an appropriate motion … seeking the above-mentioned relief and any other appropriate relief" if Harris failed to comply. *Id.* HSBC served Harris with a re-notice of deposition to take place on September 9, 2021. ECF No. 151-2 at 2.

Harris moved to vacate the August 10th order, arguing that by compelling him to sit for a deposition, the order violated his Fifth Amendment privilege against self-incrimination and his

4

"rights to due process and equal protection of the laws." ECF No. 143 at 1–2. In addition, Harris argued that HSBC cannot invoke the Court's jurisdiction because it lacked standing and that HSBC was in contempt of a U.S. Bankruptcy Court's orders. *Id.* at 2–4. The Court denied the motion to vacate and issued the following order:

> The Court has considered the motion to vacate (ECF No. 143 ) and the attachments and hereby DENIES the motion. In short, none of the grounds set forth in the motion are a basis for postponing or otherwise interfering with the defendant's obligation to participate in the discovery process, including sitting for his deposition. As the Court explained to the defendant during the recent call, he will be allowed to raise the arguments set forth in his motion in a response to any motion for summary judgment the plaintiff might file - except the Fifth Amendment argument, which is meritless, because this is not a criminal matter and the defendant has not identified any manner in which his testimony about this case could incriminate him. If the defendant believes that any bankruptcy stay is currently in effect, he shall file, within 7 days of this order, an order of the bankruptcy court (or any court reviewing the bankruptcy court's orders) demonstrating that a stay is currently in effect (as opposed just to being the subject of an appeal). The defendant is further reminded that the filing of motions whether they be motions to vacate or any other motions will not relieve him of his obligations as set forth in the [August 10th order].

ECF No. 144.[1] Harris moved to reconsider the order denying the motion to vacate, arguing that "[t]he Court lacked subject matter jurisdiction to issue the orders," the Court failed to consider the pending writ for a temporary injunction, and HSBC previously violated the orders of a U.S. Bankruptcy Court. ECF No. 146 at 1–2. Harris also filed a "Response to Orders and Request for Clarification," in which he stated that he was "not aware of any orders and/or discovery requests that have not been properly responded to by [himself], or that were placed on hold in view of [his] writ for temporary injunction." ECF No. 148 at 1. Harris continued to file other motions after the order, including a motion for expedited hearing on writ for temporary injunction, motion for default for

---

[1] Harris has not filed any information on the docket suggesting that a bankruptcy stay is currently in effect.

failure to appear, and an objection to response to order pertaining to writ. *See* ECF Nos. 145, 147, 150.

On September 1, 2021, HSBC filed a motion for sanctions seeking "default judgment against [Harris] on [HSBC's] foreclosure claim and each of [Harris's] defenses" and "an award of attorney fees to [HSBC] for time associated with drafting this motion for sanctions and attendance at further discovery conferences related to written discovery" pursuant to FRCP 37 ("Rule 37"). ECF No. 151 at 6. HSBC also asked the Court to grant its previously filed motion to strike Harris's answer and counterclaims. ECF No. 151 at 6 n.3. The Court issued the following order:

> The defendant shall respond to the motion for sanctions (ECF No. 151 ) by September 8, 2021. In addition, by **September 8, 2021**, the defendant shall show cause why the Court should not enter a default and default judgment against him with respect to the plaintiff's claims for failure to comply with his discovery obligations, including allegedly (according to the plaintiff's motion) failing to comply with this Court's order that he respond to all outstanding discovery requests by August 24, 2021 (ECF No. 141). See Fed. R. Civ. P. 37(b)(2)(A). As the Court has previously explained to the defendant, his view that the plaintiff lacks standing, which has previously been rejected by the Court and his filing of various motions, including the motions for temporary injunction (which the defendant incorrectly refers to as a "writ," see Fed. R. Civ. P. 7(b)(1)("A request for a court order must be made by motion.")), are not proper bases for his refusing to comply with his discovery obligations. The defendant should understand that the entry of a default and default judgment would mean that his liability will be established and the Court will not consider any defenses he might offer on the merits. In addition, by September 8, 2021, the defendant shall also show cause why the Court should not award the plaintiff the other relief requested in its motion for sanctions, including the payment of attorneys' fees. Finally, the defendant shall show cause by September 8, 2021 why the Court should not dismiss any counterclaims he has made in this lawsuit.
>
> **The defendant may avoid the imposition of these sanctions if he (1) responds to all outstanding discovery requests by September 6, 2021, and (2) sits for and participates in good faith in his duly noticed deposition by September 10, 2021. If the defendant responds to the discovery requests such that his responses are actually received by the plaintiff by close of business on September 7, then plaintiff shall re-notice the deposition so that it occurs on September 8, 9, or 10, provided, however, that the plaintiff makes himself**

> **available for deposition on one of those days.** If the 8th, 9th, or 10th prove impracticable for the parties to conduct a deposition, the Court is willing, upon motion, to extend the deposition deadline by as much as 7 days, as long as (1) the defendant provides all outstanding discovery responses in full and without objection (objections having been waived, see Fed. R. Civ. P. 34(b)(2)) by ensuring that the responses are received by Plaintiff's counsel no later than close of business on **September 7, 2021**, and (2) the defendant provides a date certain to plaintiff's counsel on which he will sit for his deposition no later than September 17, 2021.

ECF No. 152 (bolding in original). Harris filed an objection to the Court's order and stated that he did not receive the order until September 9, 2021. ECF No. 156 at 1. In response to the order to "show cause why the Court should not enter a default and default judgment," Harris argued that "[a]ccording to the Connecticut Code of Evidence, [a] court cannot confer jurisdiction where none existed and cannot make a void proceeding valid." *Id.* at 2 (internal quotation marks and citation omitted). Further, Harris argued that he "does not refuse to comply" with discovery but "challenges [HSBC's] standing to invoke the Court's jurisdiction; and the law provides that once jurisdiction has been challenged, it *must* be proven." *Id.* at 3 (emphasis in original). Harris stated that "[t]he Court … threatens [him] with default and default judgment." *Id.* Harris also filed an objection to HSBC's motion for sanctions, arguing again that HSBC does not have standing to pursue this action and his discovery responses were proper given the pending motion for temporary injunction meant to address the standing issue. ECF No. 155 at 1. On September 8, 2021, HSBC filed a notice stating that it had not received Harris's responses to outstanding discovery requests. ECF No. 154. On September 15, 2021, HSBC submitted a reply brief, representing that the discovery responses that Harris had notified the Court that he mailed consisted of the same objections he had submitted months earlier with minor cosmetic changes, ECF No. 159 at 2, and that Harris had still not provided a date on which he would sit for his deposition.

### III. DISCUSSION

Rule 37 provides that "'if a party … fails to obey an order to provide or permit discovery,' the district court may impose sanctions, including 'rendering a default judgment against the disobedient party.'" *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450 (2d Cir. 2013) (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi)). "Certain Rule 37 remedies—dismissing a complaint or entering judgment against a defendant—are severe sanctions, but may be appropriate in extreme situations, as when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party." *Id.* at 450–51 (internal quotation marks and citation omitted). Courts may consider the following non-exclusive factors when determining whether to impose Rule 37 sanctions: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non–compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (internal quotation marks and citation omitted); *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (stating that a court does not need to resolve each factor against the non-compliant party to levy sanctions). A court may also "consider any prejudice suffered by the movant," which "may serve as a compelling consideration in support of dispositive relief" but "a lack of prejudice should not be given significant weight in the overall analysis." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 34 (S.D.N.Y. 2019) (internal quotation marks and citation omitted). "[T]he district court has wide discretion in imposing sanctions" and may "consider the full record in the case in order to select the appropriate [Rule 37] sanction." *S. New England Tel. Co.*, 624 F.3d at 144 (internal quotation marks and citation omitted). "All litigants, including *pro ses*, have an obligation to comply with court orders and failure to comply may result in sanctions,

8

including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (internal quotation marks, citation, and bracket omitted).  "Even the most severe Rule 37 sanctions 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result' in a sanction." *S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) (summary order) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

HSBC moves for sanctions under Rule 37 for Harris's "willful failure to comply with discovery requests." ECF No. 151 at 6.  HSBC argues that Harris "has ignored multiple deadlines to respond to discovery requests" and "despite repeated warnings, [Harris] still has failed to comply with his discovery obligations." *Id.*  Further, HSBC argues that the "appropriate sanctions" in this case include "rendering a default judgment against [Harris] on [HSBC's] foreclosure claim and each of [Harris's] defenses" and "attorney's fees … for the time associated with drafting this motion for sanctions and attendance at further discovery conferences related to written discovery." *Id.*  HSBC also repeats its request for an order striking Harris's counterclaims.  *Id.* at 6 n.3.

Harris argues that his responses to the discovery request were "proper in view of the pending requests for a temporary injunction which is designed to properly assess the standing of [HSBC]" and that HSBC lacks standing to demand sanctions.  ECF No. 155 at 1–2.  He also argues that "[t]here are no prevailing deadline violations by [Harris] where [he] is honoring his writ for temporary injunction." *Id.* at 5.

After considering the record in this case and the parties' submissions and analyzing each of the factors described above, the Court concludes below that Rule 37 sanctions are appropriate.

**A. Willfulness**

"Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and failure to comply is not due to factors beyond the party's control." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (S.D.N.Y. 2019).  Non-compliance may be excused if compliance was "thwarted by circumstances beyond [the party's] control." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).  Based on the record, the Court finds that Harris willfully disobeyed the Court's many discovery orders.

First, the discovery orders were clear, and Harris refused to comply despite multiple extensions.  The Court provided four extensions for Harris to respond to outstanding discovery.  ECF Nos. 96, 110, 117, and 141; *see also Guggenheim*, 722 F.3d at 451 (finding that the district court properly found a party had willfully disobeyed when the party had "numerous extensions" and "had not complied with written and oral discovery-related court orders").  In each of the discovery orders, the Court clearly and unambiguously set forth a deadline for parties to disclose or respond to outstanding discovery requests.  *See e.g.*, ECF No. 141 ("The Defendant shall sit for a deposition before the close of discovery, i.e., by September 10.").  Still, Harris refused to produce documents or attend his deposition.  *See Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (finding willful noncompliance when the party "over a period of three months … violated a series of court orders requiring the production of documents and appearance for deposition"); *Doe v. Delta Airlines, Inc.*, No. 13-CV-6287, 2015 WL 798031, at *8 (S.D.N.Y. Feb 25, 2015) ("Willful noncompliance is routinely found … where a party has repeatedly failed to … produce documents … in violation of the district court's orders" (internal quotation marks and citation omitted)).

Second, Harris understood and often acknowledged his discovery obligations. *See Ramgoolie*, 333 F.R.D. at 35 (finding that the defendant understood his discovery obligations because he "explicitly acknowledge[d] that he was ordered" to respond to the discovery requests in his opposition to the motion for sanctions). In response to discovery orders, Harris filed motions or objections referencing the discovery obligations or deadlines. For example, on August 10, 2021, the Court held a status conference and issued an order requiring Harris to comply with previous discovery orders mandating responses to outstanding discovery requests and sit for a deposition. ECF No. 141. Two days later, Harris filed a motion to vacate this order, asserting that "he was ambushed by the Court … [with the] scheduling of discovery responses." ECF No. 143 at 1. The Court denied the motion to vacate. ECF No. 144. Harris moved for reconsideration of the denial of the motion to vacate, arguing that because the Court's orders were issued without subject matter jurisdiction, "he [was] not obliged to respond to orders that are without effect based upon a lack of jurisdiction to issue such orders." ECF No. 146 at 2; *see also* ECF No. 156 at 2 (refusing to comply with discovery obligations because the Court allegedly lacked jurisdiction). In another instance, the Court issued an order stating that Harris "may avoid the imposition of sanctions if he (1) responds to all outstanding discovery requests by September 6, 2021, and (2) sits for and participates in good faith in his duly noticed deposition by September 10, 2021." ECF No. 152. On the same day, Harris filed a "Motion for Default for Failure to Plead," in which he stated that he "has been unjustly ordered to sit for a deposition." ECF No. 153 at 2. In response to that same order, in another filing, Harris argued that he "[did] not refuse to comply with his alleged discovery obligations" but rather, he was challenging the Court's jurisdiction. ECF No. 156 at 3. Harris's responses to the Court's

discovery orders demonstrate that he was well-aware of the deadlines and his obligations but he still refused to comply.

Third, the Court repeatedly explained to Harris that he still had to comply with his discovery obligations despite his arguments that (1) HSBC lacked standing,[2] (2) the Court had not decided Harris's motion or "writ" for temporary injunction, which sought to prevent HSBC from taking his deposition, and (3) a deposition would violate his Fifth Amendment privilege against self-incrimination.  Harris made those arguments in several filings in response to discovery orders:

- Moving to vacate a discovery order "based upon there being a writ in place for a temporary injunction against a deposition, and due to a lack of personal and subject matter jurisdiction in the Court," ECF No. 120 at 1;
- Moving to vacate a discovery order because the Court had not decided the "writ" for temporary injunction, a deposition would violate his Fifth Amendment right against self-incrimination, and HSBC lacked standing to invoke the Court's jurisdiction, ECF No. 143 at 1–2;
- Arguing that "[t]he Court lacked subject matter jurisdiction to issue the [discovery] orders" and that HSBC's "actions [were] cause for a deposition not to go forward," ECF No. 146 at 1;
- Arguing that the Court lacked jurisdiction and that Harris was "not aware of any orders and/or discovery requests that have not been properly responded to by [him], or that were placed on hold in view of [the] writ for temporary injunction," ECF No. 148 at 1;
- Arguing that his discovery responses "have been shown to be proper in view of the pending request for a temporary injunction which is designed to properly assess the standing of [HSBC]," ECF No. 155 at 1; and
- Arguing that the Court does not have jurisdiction and "[a]n order without jurisdiction is [v]oid," ECF No. 156 at 2.

The Court explained to Harris during status conferences and in orders that neither his arguments about standing (which as noted, the Court had previously rejected) nor his pending motion for temporary injunction stayed discovery or relieved him of his discovery obligations:

---

[2] Months before the Court issued the discovery orders with which Harris failed to comply, the Court denied Harris's motion to dismiss arguing that HSBC lacked standing and had failed to state a claim.  ECF No. 47 at 1; *see also* ECF No. 66 (denying another one of Harris's motion to dismiss).  The Court concluded that "HSBC has standing to pursue the foreclosure claim."  ECF No. 47 at 7.

- Rejecting Harris's arguments that HSBC lacked standing and that its requests exceeded the scope of FRCP 26, ECF No. 88;
- "[F]ind[ing] no basis for [Harris] to refuse to sit for his deposition," ECF No. 141;
- Stating that "none of the grounds set forth in the motion [to vacate] [were] a basis for postponing or otherwise interfering with the defendant's obligation to participate in the discovery process, including sitting for his deposition" and reminding the defendant "that the filing of motions whether they be motions to vacate or any other motions will not relieve him of his obligation as set forth in the Court's order," ECF No. 144;
- Rejecting Harris's argument that the Court lacks jurisdiction as a "basis not to proceed with [his] deposition," ECF No. 149 at 6–8; and
- Explaining to Harris that "his view that the plaintiff lacks standing which has previously been rejected by the Court and his filing of various motions, including the motions for temporary injunction … are not proper bases for his refusing to comply with his discovery obligations," ECF No. 152.

In short, the Court repeatedly rejected Harris's arguments and explained to him that his arguments did not relieve him of his obligations to comply with his discovery obligations.

Harris has not argued—nor demonstrated—that his compliance was "thwarted by circumstances beyond his control." In one filing, he argued that the "Court's orders do not consider the safety and security of the parties in its order for [Harris] to sit for the deposition" in light of the pandemic. ECF No. 146 at 5. Harris does not allege that he notified HSBC of any reservations about attending an in-person deposition and he did not previously raise any concerns about an in-person deposition with the Court. In any event, the Court did not specifically order an in-person deposition, and during the pandemic, many depositions have been taken using remote conferencing technology. No evidence suggests that Harris would have been willing to attend a virtual deposition based on his stance that the Court lacked jurisdiction to issue such orders.

The Court finds that Harris willfully disobeyed the discovery orders based on his repeated failure to comply with clear discovery orders.

### B. Efficacy of Lesser Sanctions

In determining whether sanctions are appropriate, a court may consider "whether a sanction less severe than default would be efficacious." *Ramgoolie*, 33 F.R.D. at 36. "[D]istrict courts are not required to exhaust possible lesser actions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co.*, 624 F.3d at 148. The Court finds that lesser sanctions would not be effective in this case because of Harris's repeated refusal to obey discovery orders and his non-compliance after being warned that severe sanctions, such as default judgment, could follow. *See Setteducate*, 419 F. App'x at 25 (stating that "the record demonstrates that a lesser sanction would have been ineffective in light of [the defendant's] repeated and unwavering refusal to attend his deposition"); *RLI Ins. Co. v. May Const. Co., Inc.*, No. 09-CV-7415, 2011 WL 1197937, at *3 (S.D.N.Y. Mar. 22, 2011) ("The fact that defendant was warned that noncompliance would result in striking his answer and chose not to comply illustrates that lesser sanctions would be insufficient to remedy his failure."). The Court granted Harris multiple extensions and explained to him during status conferences why he was required to participate in the discovery process to defend the case and advance his counterclaims. ECF No. 149 at 7, 11. None of this worked.

### C. Duration of the Period of Non-Compliance

"Periods of noncompliance as brief as a few months may merit dispositive sanctions … [a]nd periods greater than five months favor such sanctions even more heavily." *Ramgoolie*, 333 F.R.D. at 37; *see Embuscado*, 347 F. App'x at 701 (imposing sanctions for three months of non-compliance); *Agiwal*, 555 F.3d at 303 (imposing sanctions for six months of non-compliance). In this case, Harris has refused to comply with discovery orders for approximately eight months—a period of non-compliance that favors sanctions.

HSBC served interrogatories and requests for production on February 3, 2021. ECF No. 108 at 1–2. The Court issued an order on March 22, 2021, for all parties to respond to outstanding discovery requests, including requests for production. ECF No. 96. Close to eight months have passed since that first discovery order—a period that included several other discovery orders requiring Harris to produce documents and respond to discovery requests—and Harris has not produced any of the requested documents. *See* ECF No. 151 at 6. In addition, HSBC served its initial notice of deposition before March 12, 2021.[3] About eight months later, Harris still refuses to sit for his deposition despite multiple court orders requiring him to do so. Harris's "extended and continuing duration of noncompliance" of approximately eight months supports sanctions. *Ramgoolie*, 333 F.R.D. at 38.

### D. Warnings for Non-Compliance

A court must "provide adequate notice of a default judgment as a [Rule 37] sanction against a party proceeding *pro se*." *Guggenheim Capital*, 722 F.3d at 452. In this case, the Court provided Harris with at least three warnings—through orders and during a status conference—that his non-compliance could lead to default judgment and other sanctions. ECF Nos. 141, 149, 152. In an order issued on September 2, 2021, the Court even explained what a default judgment would mean for Harris's liability. ECF No. 152 ("The defendant should understand that the entry of a default and default judgment would mean that his liability will be established and the Court will not consider any defenses he might offer on the merits."). In that same order, the Court provided Harris an opportunity to show cause why the Court should not enter default judgment against him and dismiss his counterclaims. *Id.* Harris failed to cite any

---

[3] It is not clear from the record the exact date that HSBC served the initial notice of deposition on Harris. Based on the record, the notice must have been served before March 12, 2021 because Harris moved for a protective order against the deposition on that date. ECF No. 90.

15

valid reason for his failure to comply with the discovery orders and continued to rely on his previously rejected argument that the Court lacked jurisdiction, even though the Court explained that his jurisdictional argument was not a basis for refusing to participate in discovery. ECF Nos. 152, 156. Based on these warnings and the opportunity to show cause, the Court finds that it provided sufficient notice to Harris that his continued refusal to comply with discovery orders would result in a default judgment and dismissal of counterclaims. *See Setteducate*, 419 F. App'x at 25 (finding that "the district court's two warnings gave [the non-compliant party] sufficient notice that further non-compliance would result in sanctions, including the striking of his answer and the entry of default judgment").

## IV.     CONCLUSION

For the reasons above, HSBC's motion for sanctions is GRANTED in part, and the Court enters default judgment against Harris on each of his defenses and dismisses his counterclaims pursuant to Rule 37(b)(2)(A)(v), (vi).[4] In addition, the Court awards attorney's fees and costs associated with the filing of the motion for sanctions. Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted … the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Within 21 days of this order, HSBC shall submit an affidavit of counsel and time entries (a redacted version of which may be filed on the docket,

---

[4] HSBC also moved to strike Harris's revised answer and affirmative defenses with counterclaims, arguing that his filing was untimely. ECF No. 102. Under FRCP 15, "[a] party may amend its pleading once as a matter of course within" 21 days after service or 21 days after service of a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Harris filed his answer on January 4, 2021, ECF No. 67, and his revised answer on March 1, 2021, ECF No. 81. HSBC did not file a motion under FRCP 12. Thus, under FRCP 15, Harris's time to amend without leave of the Court or HSBC's written consent expired on January 25, 2021. Harris has not moved for the Court's leave to amend his answer, thus rendering his revised answer and affirmative defenses with counterclaims untimely.
  However, because the Court already addressed Harris's defenses and counterclaims in this ruling, the motion to strike is DENIED as moot.

16

with the unredacted version being filed under seal, to preserve any attorney work product) documenting the reasonable fees and costs associated with the motion.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
November 23, 2021